UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LACHELLE BATTLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-05540 |
| ) | |
| ALDI, INC. ) | Judge Sharon Johnson Coleman |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LaChelle Battle ("Battle") filed a three count complaint against ALDI, Inc. ("ALDI") alleging intentional racial discrimination in violation of the Equal Protection Clause (Count I), and unlawful discriminatory treatment based on race (Count II) and gender (Count III) for failure to promote in violation of Title VII. ALDI moves to dismiss all counts for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, ALDI's motion to dismiss [8] is granted in part and denied in part.

**Background**

The following facts are taken from Battle's complaint and its attachments, and are accepted as true for the purpose of ruling on the instant motion.[1]

Battle, a Black woman, was hired by ALDI as a Logistic Coordinator on July 26, 2010. (Dkt. 1 ¶ 11). To the Court's knowledge, ALDI still employs Battle as a Logistic Coordinator. Battle holds a Master of Business Administration degree with an emphasis in supply chain management

---

[1] *See Beanstalk Grp., Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002) (holding that documents attached to a pleading may be considered as part of the pleadings without converting a motion to dismiss into one for summary judgment).

and marketing. (*Id.* ¶ 10). Battle satisfactorily performed her job duties during her employment. (*Id.* ¶ 17).

On July 26, 2010, the same day that Battle started working, ALDI hired Michael Carlisle ("Carlisle"), a Caucasian man. (*Id.* ¶ 11). Carlisle held a bachelor's degree at the time ALDI hired him. (*Id*). ALDI promoted Carlisle to Logistic Manager shortly after he was hired. (*Id.* ¶ 12)

On July 11, 2011, ALDI hired Joe Mersonic ("Mersonic"), a Caucasian man. (*Id.* ¶ 13). Mersonic held a Bachelor's Degree in social work at the time ALDI hired him. (*Id*). ALDI promoted Mersonic to Logistic Manager in or around July 2015. (*Id.* ¶ 14). Battle trained Mersonic. (*Id.* ¶ 16).

On or about July 1, 2013, ALDI hired Nick Wiles ("Wiles"), a Caucasian male. (*Id.* ¶ 15). ALDI promoted Wiles to Logistic Manager in or around January or February 2016. (*Id.*). Battle trained Wiles. (*Id.* ¶ 16).

Battle filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") on July 14, 2015. (Dkt. 1-1). In the Charge, Battle wrote the following:

> I began my employment with [ALDI] on or about July 26, 2010. My current position is Logistic Coordinator. During my employment, I have expressed interest in promotion and have been denied while non-Black male employees have been promoted. I believe I have been discriminated against because of my race, Black, sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*). On March 4, 2016, the EEOC issued a dismissal and Notice of Rights. (Dkt. 1-2).

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n. 14, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 8 "does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

*1. Count I – Section 1983-Equal Protection Clause-Race Discrimination*

Count I alleges that ALDI, under the color of law, intentionally discriminated against Battle on the basis of her race. (Count I). ALDI argues that Battle's race discrimination claim under 42 U.S.C. § 1983 fails because ALDI is a private entity. Battle concedes that Count I should be dismissed. Count I is dismissed with prejudice.

*2. Counts II and III – Title VII Race And Gender Discrimination*

Battle alleges that ALDI's decisions to promote three Caucasian men instead of her constitute unlawful discriminatory acts based on race (Count II) and gender (Count III). ALDI argues that Counts II and III should be dismissed for three reasons: Battle failed to exhaust her administrative remedies; Battle's claims are untimely; and Battle failed to plead the elements of a claim under 42 U.S.C. § 1981. The Court addresses each of ALDI's arguments as to Counts II and III below.

*a. Failure To Exhaust Remedies*

ALDI argues that Battle's Charge failed to put ALDI on notice of the claims against which it needed to defend, therefore, she failed to exhaust her administrative remedies and her claims must be dismissed. Battle contends that the Charge did not need to allege each and every fact that would form the basis of her complaint and that her complaint could embrace instances of discrimination that are reasonably related to the allegations in the Charge. With respect to Counts II and III, this

Court finds that Battle exhausted her administrative remedies as to and put ALDI on notice of some of the claims against which it needed to defend.

A Title VII plaintiff may generally bring suit only after exhausting her administrative remedies and only for claims which were included in her EEOC charge after the EEOC issues a right-to-sue letter. *Conner v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). The plaintiff's EEOC charge must contain enough details to put her employer on notice of the specific charges that may be brought against it in court. *McGoffney v. Vigo Cnty. Div. of Family & Children, Family & Soc. Servs. Div.,* 389 F.3d 750, 752 (7th Cir. 2004). Further, a Title VII plaintiff must show that any claim not included in her EEOC charge is reasonably related to or within the scope of the EEOC charge, and that any new claim can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819-20 (7th Cir. 2005) (citations omitted); *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996).

Battle clearly alleged in the Charge that ALDI knew she wanted a promotion but she was denied in favor of non-Black male employees. Specifically, Battle alleged that she was denied a promotion on July 10, 2015. (Dkt. 1-1). Battle's allegations in the complaint are substantially the same as the allegations in the Charge, except that the complaint names Mersonic, who was promoted in or around July 2015. The Charge, however, does not provide any details that would have put the EEOC or ALDI on notice of the decision to promote Carlisle over Battle. *See McGoffney*, 389 F3d at 752 (EEOC charge failed to put EEOC and employer on notice as to certain job applications where it failed to include details such as time periods of specific employment actions, the names of any individuals involved, or any other specific facts other than vague references to "positions"). Battle's Charge put the EEOC and ALDI on notice of a claim based on the Mersonic but not the Carlise decision, therefore, Battle has exhausted her administrative remedies as to Mersonic only.

4

With respect to Wiles, Battle failed to exhaust her remedies as to ALDI's decision to promote him over her because non-promotions that occur after a charge is filed are necessarily outside of the scope of the charge. *Conner*, 413 F.3d at 680. Battle filed her Charge on July 14, 2015. (Dkt. 1-1). Battle alleges that Wiles was promoted in January or February of 2016. (*Id.* ¶ 15). To the Court's knowledge, Battle did not amend the Charge to include allegations related to Wiles. Battle has not exhausted her remedies as to Wiles because ALDI's decision to promote him over her is necessarily outside of the scope of the Charge. *Conner*, 413 F.3d at 680.

Battle's argument that the Wiles and Carlisle promotion decisions are reasonably related to and within the scope of the Charge is unpersuasive. Apart from broad, conclusory statements, Battle fails to show what, if anything, in the Charge would have led the EEOC or ALDI to investigate the Wiles and Carlisle decisions. Therefore, the Court finds that the Carlisle and Wiles promotion decisions are not within the scope of the Charge which properly included a claim for the Mersonic promotion decision. *Cheek*, 97 F.3d at 202.

Battle has exhausted her administrative remedies as to Counts II and III to the extent that they are based on the Mersonic promotion decision. Battle has not exhausted her administrative remedies as to Counts II and III to the extent that they are based on the Carlisle and Wiles promotion decisions.

*b. Timeliness Of Counts II And III*

A party loses the ability to recover for a discrete discriminatory act if she fails to file a charge with the EEOC within 300 days of the act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), *superseded in non-relevant part by statute,* Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; *see also Pruitt v. Chicago*, 472 F.3d 925, 927 (7th Cir. 2006) ("Claims about discrete employment actions, such as failure to promote, must be made within 300 days under Title VII . . . ."). A failure to promote is a discrete, discriminatory act. *Morgan*, 536

5

U.S. at 114; *Pruitt*, 472 F.3d at 927; *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014). Generally, a "continuing violation" theory will not be applied to a series of discrete acts. *Morgan*, 536 U.S. at 114. Therefore, a party loses the ability to recover for a discrete act that occurred outside of the Title VII limitations period, even if the time-barred claim relates to timely filed charges. *Adams*, 742 F.3d at 729-730 (declining to apply the "continuing violation" doctrine to a series of promotion decisions that took place outside the 300 day-time period covered by the relevant EEOC charge).

Battle's Charge would have covered properly alleged discrete discriminatory acts that occurred in the 300-day period from September 17, 2014 to July 14, 2015, the day the Charge was filed. (Dkt. 1-1). ALDI's decision to promote Carlisle over Battle shortly after July 26, 2010 was a discrete act that occurred well before the period covered by the Charge. Battle asserts that the promotion denials which form the basis of her claims are part of a "continuing violation." Because discrete acts cannot form a continuing violation, any claim based on ALDI's decision to promote Carlisle over Battle is untimely. Therefore, Counts II and III are dismissed with prejudice to the extent that Battle seeks recovery based on the Carlisle decision.

*c. Failure To Plead A Claim Under 42 U.S.C. § 1981*

ALDI also argues that Counts II and III should be dismissed for failure to state a claim under 42 U.S.C. § 1981. Contrary to ALDI's position, Battle does not seek to embed a separate and independent section 1981 claim into its claims for relief under Title VII, rather, Battle simply requests additional "compensatory damages pursuant to 42 U.S.C. § *1981a*." (Dkt. 1 ¶¶ 29, 34) (emphasis added). Section 1981a, unlike section 1981, does not create an independent cause of action; it enhances the remedies available to Battle under Title VII. *See, e.g. Varner v. Illinois State Univ.*, 150 F.3d 706, 718 (7th Cir. 1998), *vacated on other grounds,* 528 U.S. 1110 (2000); *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). Battle invokes section 1981a as a remedy to supplement

6

her Title VII claims and does not seek independent relief under section 1981. ALDI's motion to dismiss Counts II and III is misplaced and therefore denied.

**Conclusion**

For the reasons stated above, this Court grants in part and denies in part ALDI's motion to dismiss [8]. Count I of Battle's complaint is dismissed with prejudice. Battle may pursue Counts II and III to the extent that she seeks relief for ALDI's decision to promote Mersonic over her. Counts II and III, to the extent that Battle seeks relief for ALDI's decision to promote Wiles instead of Battle, are dismissed without prejudice. Counts II and III, to the extent that Battle seeks relief for ALDI's decision to promote Carlisle instead of Battle, are dismissed with prejudice.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: October 21, 2016